**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
|                                   |                                              |
| FREDERICK HINES                   | )                                            |
|                                   | )                                            |
|         Plaintiff,                | )                                            |
|                                   | )                                            |
|     v.                            | )   Civil Action No. 09-1949 (RMU)           |
|                                   | )                                            |
| UNITED STATES OF AMERICA, et. al.,| )                                            |
|                                   | )                                            |
|         Defendant.                | )                                            |
|_____| )                                            |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants United States of America, United States Department of Justice, Federal Bureau of Prisons, and Wanda Hunt, Chief FOIA/PA Section, Bureau of Prisons, respectfully move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves for Rule 56 Summary Judgment. In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities, attachment, and proposed order. Pro se Plaintiff is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of the failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

Respectfully submitted,

_____
CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

/s/
ADAM NORLANDER
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0821
Adam.Norlander@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
FREDERICK HINES                                    )
                                                                    )
                    Plaintiff,                              )
                                                                    )
        v.                                                        )        Civil Action No. 09-1949 (RMU)
                                                                    )
UNITED STATES OF AMERICA, et. al.,     )
                                                                    )
                    Defendant.                          )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiff Frederick Hines ("Plaintiff"), an incarcerated prisoner, seeks a response to a Freedom of Information Act ("FOIA") request submitted to the Bureau of Prisons ("BOP"), a component of the United States Department of Justice ("DOJ"), in a letter received June 22, 2009. Plaintiff's Complaint is based on the allegedly slow pace at which the BOP has worked to conduct a search responsive to his request, yet at the time Plaintiff submitted his Complaint he had already received a response sent on August 17, 2009. The BOP response identified thousands of pages of responsive records and requesting fees for duplication and review consistent with DOJ's FOIA regulations. Although not mentioned in his Complaint, the Plaintiff clearly received the fee request, because a representative from the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC") contacted the BOP to inquire whether it could pay the fees in early September, 2009 on Plaintiff's behalf. Since then, and after Plaintiff filed the present Complaint, the WLC provided the requested fees on behalf of the Plaintiff and BOP is in the process of conducting the search necessary to fulfill Plaintiff's FOIA request. Plaintiff's Complaint should be dismissed for lack of jurisdiction and failure to state a claim.

This Court does not have jurisdiction over Plaintiff's claims against Defendants United States of America and Wanda Hunt. Further, Plaintiff's remaining claim against DOJ should be dismissed for failure to exhaust administrative remedies or for mootness. In the alternative, the Court should grant Defendants summary judgment, because Plaintiff's claims are invalid as a matter of law.

## BACKGROUND

On June 11, 2009, Plaintiff sent a Freedom of Information Request to the Federal Bureau of Prisons requesting various reports and other information related to a BOP contractor. (Compl. at 1, Ex. A.) BOP received Plaintiff's request on June 22, 2009 (Declaration of Ana Velilla-Arce ("Velilla-Arce Decl.") at ¶4, Exhibit A.),[1] and logged it into the agency's FOIA database on June 25, 2009 under FOIA Request Number 2009-08790. (*Id.* at ¶4.) On August 17, 2009, the BOP sent notice to Mr. Hines that records responsive to his request would involve duplication of over 1700 pages of material, and requested that he submit payment of $163.80 to cover fees pursuant to 28 C.F.R. §16.11(c)(2), 16.11(d)(3). (*Id.* at ¶4, Exhibit B.) In that letter, Plaintiff was notified that until he made such payment or otherwise contacted the BOP FOIA office, no further action would be taken on his FOIA complaint. (*Id.* at ¶7, Exhibit B.)

By telephone conversation on or around September 9, 2009, Mr. Philip Fornaci, Director of the DC Prisoners' Project, Washington Lawyers' Committee for Civil Rights and Urban Affairs contacted Ms. Ana Velilla-Arce, an employee at BOP's Office of General Counsel, FOIA Section to inquire whether his organization could pay the fees and receive the records on behalf of the Plaintiff. (*Id.* at ¶8.) Ms. Velilla-Arce informed Mr. Fornaci that payment could be issued on behalf of the Plaintiff, but that BOP would require the Plaintiff's written authorization to send responsive documents to the DC Prisoners' Project. (*Id.*)

---

[1] The Declaration of Ana Velilla-Arce is submitted as an attachment to this motion.

Prior to any payment or additional contact with BOP, Plaintiff filed the instant lawsuit on October 15, 2009. [DE #1].

On November 5, 2009, two and a half months after BOP sent Plaintiff its fee request letter and three weeks *after* filing his complaint, BOP received a letter from Mr. Fornaci including a Certificate of Identity completed and signed by the Plaintiff with a check for $163.80. (*Id.* at ¶9; Ex. C.) With the appropriate paperwork now in hand, the BOP is now in the process of retrieving and producing copies of the records responsive to the Plaintiff's request in its Rivers Privatization Field Office in Winton, North Carolina. (*Id.* at ¶10.) The records will be sent to the BOP Central Office, where BOP will "review, process, and redact, if necessary, each of the 1,738 responsive records" (*id.* at 10.)

## STANDARD OF REVIEW

"To avoid dismissal under Rule 12(b)(1)[], a plaintiff must establish the Court's jurisdiction by a preponderance of the evidence." *Halcomb v. Office of Senate Sergeant-at-Arms of U.S. Senate*, 563 F.Supp.2d 228 (D.D.C. 2008). "[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Fowler v. District of Columbia*, 122 F. Supp. 2d 37, 39 (D.D.C. 2000). If jurisdiction has not been established, the Court must dismiss the action. In determining the scope of the jurisdiction, it is sometimes necessary for the court to look to matters outside the pleadings. *Battle v. Rubin*, 121 F. Supp. 2d 4, 6 (D.D.C. 2000); *Fowler*, 122 F. Supp. 2d at 40.

Rule 12(b)(6) requires dismissal if a plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (abrogating prior standard which required the moving party to show that plaintiff can prove no set of facts in support of its claim which would entitle it to relief). This Court must

accept all well-pleaded facts as true. *See Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). The Court also must resolve all factual doubts in favor of the plaintiff, and allow the plaintiff the benefit of all inferences. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Linares v. Jones*, 04-0247(GK), 2007 WL 1601725, at *6 (D.D.C. June 4, 2007), *citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.*

If the Court considers matters outside of the pleading presented to and not excluded, the Court may treat the motion as one for summary judgment. Fed. R. Civ. Pro 12(b). On motion for summary judgment, the Court may grant judgment as a matter of law for the moving party as long as there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c).

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION OVER DEFENDANTS UNTED STATES OF AMERICA AND WANDA HUNT

In this Freedom of Information Act ("FOIA") case, Plaintiff names as Defendants Wanda Hunt, Chief of the BOP FOIA/PA Section and the United States of America. Because FOIA claims may only be brought against an "agency," Plaintiffs claim against these Defendants must be dismissed. Section 552(a)(4)(B) of FOIA establishes this Court's "jurisdiction to enjoin the *agency* from withholding *agency* records . . . ." (emphasis added). An agency is defined as including:

> "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President, or any independent regulatory agency."

4

5 U.S.C. §552(f)(1). Because this Court's jurisdiction under FOIA is limited to agencies under the statute, this Complaint against individual defendant Wanda Hunt should be dismissed with prejudice. *See Martinez v. Bureau of Prisons*, 444 F. 3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under . . . FOIA."); *Ginarte v. Miller*, 534 F. Supp. 2d 135, 136-37 (D.D.C. 2008) (holding that Director of FBI and Attorney General are improper defendants and dismissing them from FOIA action); *Santini v. Taylor*, 555 F. Supp. 2d 181, 183-84 (D.D.C. 2008) ("[T]his Court lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity."). Likewise, the United States of America should be dismissed because it is not an "agency" under the act. *See Sanders v. United States*, No. 96-5372, 1997 WL 529073, at *1 (D.C. Cir. July 3, 1997) (summarily affirming district court dismissal of complaint because the "United States of America" is not an agency subject to FOIA).

Although Defendant BOP is a component of DOJ, this Court has held that BOP may be considered a proper FOIA defendant because of its substantial independent authority. *Prison Legal News v. Lappin*, 436 F.Supp.2d 17, 22 (D.D.C. 2006). Because only DOJ and BOP may be considered defendants under FOIA, all other Defendants should be dismissed for lack of jurisdiction over the claims against them.

## II. PLAINTIFF HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES

Prior to seeking relief from this Court, a FOIA plaintiff must exhaust remedies available at the administrative level. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) ("[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA). (citation and quotation marks

5

omitted).  Exhaustion is necessary "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review."  *Wilbur*, 355 F.3d at 677.

The administrative exhaustion requirement under FOIA is not a jurisdictional bar to suit, but rather a prudential consideration.  *Wilbur*, 355 F.3d at 677.  "Nonetheless, as a jurisprudential doctrine, failure to exhaust precludes judicial review" because a contrary rule "'would cut off the agency's power to correct or rethink initial misjudgments or errors.'"  *Hidalgo v. FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003) (quoting *Oglesby*, 920 F.2d at 64).  Thus, when a FOIA plaintiff attempts to obtain judicial review without first fully and timely exhausting available administrative remedies, the lawsuit is subject to dismissal for failure to state a claim under Rule 12(b)(6) or judgment as a matter of law for the agency defendant under Rule 56.  *See Jones v. U.S. Dep't of Justice*, 576 F. Supp. 2d 64, 66 (D.D.C. 2008) ("When a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirement, the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief may be granted."); *Bonner v. SSA*, 574 F. Supp. 2d 136, 140 (D.D.C. 2008) (holding that where "there is no genuine dispute that plaintiff did not exhaust his administrative remedies . . . prior to filing [a] lawsuit, [the agency is] entitled to judgment as a matter of law").

"Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."  *Oglesby*, 920 F.2d at 64.  A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA.  This includes a failure to comply with fee requirements, *Oglesby*, 920 F.2d at 66, or to administratively appeal an adverse determination on a FOIA request, *Hidalgo*, 344 F.3d at 1258-60.  If a FOIA plaintiff attempts to obtain judicial review without first properly

undertaking full administrative exhaustion, the lawsuit is subject to immediate dismissal. *Oglesby*, 920 F.2d at 66.

Here, after Plaintiff made an initial FOIA request from BOP, the BOP responded with estimated fees it required before processing the request, and directed the Plaintiff to contact the FOIA office with any further inquiries. (*See* Decl. Velilla-Arce at ¶7, Exhibit B.) Plaintiff did not provide fees, amend his request, or otherwise make inquiries of the office. Neither does Plaintiff allege that he pursued other administrative remedies such as requesting a fee waiver or administratively appealing the decision to request fees. BOP properly requested reasonable fees in accordance with its own regulations prior to producing documents under FOIA in accordance with FOIA § 552(a)(4)(A). Justice Department regulations permit BOP to charge ten cents per page for the duplication of documents for requests over 100 pages for noncommercial requesters. 28 C.F.R. § 16.11(c)(2), (d)(3). The letter to the Plaintiff informed him that he must pay the fee, or alternatively narrow his request to lower costs, before the agency could respond to his request in conformity with Justice Department regulations. *See* 28 C.F.R. § 16.11(e). Plaintiff never responded to the fee request. Yet it is clear that he received it, because the Washington Lawyer's Committee contacted BOP about paying the fee on his behalf approximately three weeks after BOP sent the request. Because Plaintiff's FOIA request was not "received" until the agency received payment of the fee, *see* 28 C.F.R. § 16.11, the effective date of the Plaintiff's request was November 5, 2009, when payment was received. (*See* Decl. Velilla-Arce at ¶9.) Plaintiff has no right to remedies under FOIA prior to responding to a legitimate request for fees in line with Department of Justice regulations, and has therefore clearly not exhausted his administrative remedies.

The basis of Plaintiff's claim according to his Complaint is that the agency did not respond to his request within the twenty day statutory deadline at 552(a)(6)(A). Even if true, Plaintiff still must exhaust administrative remedies prior to filing suit because he received notice of BOP's response prior to filing this suit. *See Oglesby*, 920 F.2d at 63 ("[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed."). Beyond paying his fees, Plaintiff must seek an appeal of any adverse decision to the Office of Information and Privacy with the Department of Justice prior to seeking the review of this Court. 28 C.F.R. § 16.9. Because the Plaintiff had not responded to a proper fee request prior to filing suit and failed to otherwise pursue administrative remedies through BOP or DOJ, Plaintiff's Complaint should be dismissed.

### III.  PLAINTIFF'S CLAIMS ARE MOOT

At this stage in the process, Plaintiff has not received any adverse determination from BOP regarding his request and his request is currently being filled. At the time he submitted his Complaint on October 15, 2009, BOP had not received the payment of fees required under Department of Justice regulations. To the extent Plaintiff's Complaint sought expedited processing prior to providing the required fees, his claims are mooted by the subsequent provision of fees on his behalf on November 5, 2009 and the commencement of the duplication and review process by BOP.

At bottom, Plaintiff's claim that Defendants have "been woefully tardy" (Compl. at 1) is an untenable claim under FOIA given that at the time Plaintiff submitted the Complaint, he was sitting on a nearly two month old response from BOP demonstrating that BOP had performed a search, identified thousands of pages of responsive records, and requested the payment of fees.

Because the Plaintiff's own failure to provide required fees was the source of delay in processing his FOIA request, his Complaint for wrongful delay should be dismissed.

        Respectfully submitted,

---

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

---

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ADAM NORLANDER
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0821
Adam.Norlander@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November 2009, the accompanying motion and all attachments was served on pro se plaintiff Jamal Hart by first class U.S. mail addressed to:

FREDERICK HINES
R 33592-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986-0630

/s/
ADAM NORLANDER
Special Assistant United States Attorney

10