UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FREDERICK HINES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1949 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 11 |
| | : | | |
| UNITED STATES OF AMERICA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

In this *pro se* action brought against the United States and Wanda Hunt, Chief of the Freedom of Information Act/Privacy Act Section of the Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, the plaintiff challenges the alleged failure of the BOP to timely respond to his request for records pertaining to the contractual obligations of its contractor, the GEO Group. The defendants move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment under Rule 56. Because the defendants are now processing the plaintiff's request but have yet to issue a final agency determination, the court, relying on matters beyond the pleadings, will treat the defendants' Rule 12(b)(6) motion as one for summary judgment[1] and grant that motion based on the plaintiff's failure to exhaust his

---

[1] *See* FED. R. CIV. P. 12(d) (directing courts to treat a Rule 12(b)(6) motion to dismiss as one for summary judgment when "matters outside the pleadings are presented to and not excluded by the court").

administrative remedies.[2]

## II. FACTUAL & PROCEDURAL BACKGROUND

On June 11, 2009, the plaintiff requested from the BOP any records "maintained under [its] agency and the Wackenhut Corrections Corporation now (GEO Group, Incorporation) contract No.: (JIPCc-005)." Compl., Ex. A. On August 17, 2009, the BOP informed the plaintiff that it had located 1,738 pages of responsive material, the first 100 of which he was entitled to at no charge, and the remainder of which would be provided to him for a duplication fee of $163.80. *See* Def.'s Mot., Decl. of Ana L. Velilla-Arce ("Velilla-Arce Decl."), Ex. B. In addition, the BOP informed the plaintiff that he could reduce his costs by narrowing the scope of his request, and further informed him that unless he "indicate[d] [his] willingness to pay [the] fee . . . or [] reformulate[d] what [he sought], this request [would] not be considered as received and no further action [would] be taken." *Id*.

The plaintiff commenced this action on October 15, 2009, alleging that the BOP had failed to adequately respond to his request for records. *See generally* Compl. On November 5, 2009, the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("the Committee") paid the duplication fee on the plaintiff's behalf. Velilla-Arce Decl., Ex. C. The Committee stated that it would provide the plaintiff with a copy of the responsive documents after they were forwarded to the Committee. *Id*. The defendants represent that the processing of

---

[2] The court also grants the defendants' motion to dismiss defendant Hunt from this action under Rule 12(b)(1). *See Santini v. Taylor*, 555 F. Supp. 2d 181, 183-84 (D.D.C. 2008) (holding that the court "lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity").

the plaintiff's request is now underway. Velilla-Arce Decl. ¶ 10.

### III. ANALYSIS

**A. Legal Standard for a Motion for Summary Judgment in a FOIA Dispute**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Wash. Post Co. v. U.S. Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (quoting *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)). The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

**B. The Plaintiff Has Failed to Exhaust His Administrative Remedies**

"Exhaustion of administrative remedies is generally required before seeking judicial review [of a FOIA claim] 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (quoting *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir.

1990)). In the FOIA context, the exhaustion requirement is a prudential consideration, not a jurisdictional prerequisite, and therefore a plaintiff's failure to exhaust does not deprive the court of subject-matter jurisdiction. *Id*. But as a prudential consideration, the exhaustion requirement may still bar judicial review if both the administrative scheme at issue and the purposes of exhaustion support such a bar. *Id*. (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003)). With regard to the first of these two factors, this Circuit has concluded that the FOIA's administrative scheme supports barring judicial review. *Id.* As for the second factor, the court must examine whether barring judicial review would "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also Hidalgo*, 344 F.3d at 1259 (applying *Weinberger* in the FOIA context).

When the plaintiff is challenging a fee waiver determination, "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby*, 920 F.2d at 66; *accord Judicial Watch, Inc. v. FBI*, 190 F. Supp. 2d 29, 33 (D.D.C. 2002). In addition, the plaintiff is required to appeal any adverse decision to the Department of Justice's Office of Information and Privacy ("OIP") before seeking review of that decision in this court. *See* 28 C.F.R. § 16.9 (setting forth the procedures for obtaining an appeal of an adverse determination).

The plaintiff does not dispute that he failed to pay the assessed fee before filing this lawsuit, and there is no indication that he sought a fee waiver from the agency and was denied.

4

*See generally* Pl.'s Opp'n. Nor is there any indication that the plaintiff has sought to appeal the matter to the OIP. *See generally id.* Accordingly, the court holds that the plaintiff has failed to exhaust his administrative remedies. *See, e.g.*, *Hidalgo*, 344 F.3d at 1259 (affirming the dismissal of the plaintiff's claim for failure to exhaust when the plaintiff had not yet had the "benefit of prior OIP consideration"). Given that the BOP is currently processing the plaintiff's FOIA request, the court dismisses this action without prejudice to the plaintiff's filing of a new civil action, if necessary, after the administrative process has concluded.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of September, 2010.

RICARDO M. URBINA
United States District Judge